UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD JOHN HEROMIN,

v.   Case No. 8:11-cr-550-VMC-SPF
     8:23-cv-1572-VMC-SPF

UNITED STATES OF AMERICA.
_____/

**ORDER**

This matter is before the Court on Ronald John Heromin's pro se construed Motion to Vacate under 28 U.S.C. § 2255 (Civ. Doc. # 4; Crim. Doc. # 527). The United States of America has responded in opposition. (Civ. Doc. # 23). Heromin did not file a reply and the time to do so has expired. For the reasons that follow, the construed Motion is denied.

**I.   Background**

A jury found Heromin guilty of conspiracy to distribute and dispense controlled substances not for a legitimate medical purpose and not in the usual course of professional practice contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and 841(b)(2). (Crim. Doc. ## 1, 239, 303). The Court will very briefly

1

outline some of the evidence presented at trial, which the United States summarizes in greater depth in its response. (Civ. Doc. # 23). Heromin worked as a doctor in a pain management clinic that did not bill insurance and accepted only cash payments for the painkillers and other addictive medications prescribed. (Crim. Doc. # 295 at 60-62, 71-73, 101-02, 174, 184-86, 196). Heromin was paid 51% of the cash made at the end of each day at the clinic, which was often between $12,000 and $15,000 a day. (Id. at 101-02, 197-98, 219-20, 239-40). Heromin wrote prescriptions for up to one hundred patients a day after conducting cursory medical exams.

During these exams, Heromin did not discuss alternative treatments, less addictive medications, or drug side-effects and interactions, and did not schedule follow-up examinations, order blood tests or urinalysis, or refer his patients to specialists. (Id. at 116-17; Crim. Doc. # 296 at 30, 78-81, 118, 135-46, 170-73, 188, 193-95, 221–25; Crim. Doc. # 297 at 53, 84-86, 92-94, 100-03, 150-51, 194-95, 295–302; Crim. Doc. # 298 at 35-37, 67, 79-85, 128–31, 135-37, 218-24). Heromin told staff to never turn away a patient but to ensure a patient's arms were covered if they

2

had track marks. (Crim. Doc. # 296 at 38-39). Heromin saw so many patients that, at times, he worked all night. (Id. at 27-28, 84, 135; Crim. Doc. # 295 at 73, 83, 104, 113, 187, 197; Crim. Doc. # 297 at 36-37; Crim. Doc. # 298 at 47). Most of his patients came from other states, like Ohio, Kentucky, and Tennessee, but some came from elsewhere in Florida. (Crim. Doc. # 293 at 130-31; Crim. Doc. # 295 at 104; Crim. Doc. # 296 at 126-28).

The Court sentenced Heromin to twenty years' imprisonment followed by three years' supervised release. (Crim. Doc. ## 271, 304). The United States Court of Appeals for the Eleventh Circuit affirmed Heromin's conviction on November 30, 2015. United States v. Heromin, 631 F. App'x 862 (11th Cir. 2015).

In his construed 2255 Motion, Heromin argues Ruan v. United States, 597 U.S. 450 (2022) ("Ruan I"), "make[s] [his] acts not a crime." (Civ. Doc. # 4 at 1). In other filings, he asserts he "examined every patient before dispensing medication" and "followed all the rules of examination for the dispensing of restricted drugs." (Civ. Doc. # 1 at 3, 7). The United States has responded (Civ. Doc. # 23), and the Motion is ripe for review.

3

**II. Discussion**

Heromin bears the burden of proving that he is entitled to relief under Section 2255. Rivers v. United States, 777 F.3d 1304, 1316 (11th Cir. 2015).

The United States acknowledges that Heromin's claim under Ruan I is timely and cognizable. (Civ. Doc. # 23 at 11). Nevertheless, the United States argues that Heromin has procedurally defaulted on this issue and, alternatively, that the claim fails on the merits. The Court agrees with the United States.

In Ruan I, the Supreme Court held that 21 U.S.C. § 841's "'knowingly or intentionally' mens rea applies to the 'except as authorized' clause." Ruan I, 597 U.S. at 457. "This means that once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." Id. Heromin believes that his conviction should be vacated because of Ruan I's clarification of Section 841.

On direct appeal, however, Heromin did not argue that the "knowingly or intentionally" mens rea applies to the

4

"except as authorized" clause of the statute. (Civ. Doc. # 23 at 11 & n.5). Thus, he defaulted this claim. To avoid the default, Heromin must establish one of two narrow exceptions. The exceptions to the requirement that Heromin have raised this argument on direct appeal are (1) "cause and actual prejudice" or (2) that he is "actually innocent." Bousley v. United States, 523 U.S. 614, 615 (1998).

Heromin has not established cause and prejudice.[1] As another court has explained regarding a Ruan I claim raised in a Section 2255 motion, "[f]utility is not cause for a failure to raise a claim." United States v. Ignasiak, No. 3:08CR27/LAC/MAL, 2024 WL 947997, at *9 (N.D. Fla. Feb. 15, 2024), report and recommendation adopted, No. 3:08CR27/LAC/MAL, 2024 WL 943928 (N.D. Fla. Mar. 5, 2024).

---

[1] Notably, Heromin has not addressed cause and prejudice in his construed Section 2255 Motion. This alone supports rejection of the cause and prejudice exception. See Korcz v. United States, No. 219CR00193RDPJHE1, 2023 WL 2998483, at *8 (N.D. Ala. Apr. 18, 2023) ("As a threshold matter, the court notes Petitioner did not address procedural default or cause and prejudice in her motion. That alone is enough to dispose of any challenge under this exception because Petitioner bears the burden of proof and has not met it."), appeal dismissed, No. 23-12325, 2023 WL 6213485 (11th Cir. Sept. 25, 2023).

The Supreme Court has ruled that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" Bousley, 523 U.S. at 623. "Both doctor defendants in [Ruan I] challenged the contrary law of the Tenth and Eleventh Circuits where they had been criminally charged, and they ultimately prevailed. [Heromin] could have done the same." Ignasiak, 2024 WL 947997, at *9.

Indeed, "[b]ecause [Heromin's] Ruan I claim is based purely on 'an interpretation of a statute that is consistent with its ordinary meaning,' it 'is not something that counsel would not be aware of or that courts would reject out of hand.' As such, it is not novel, and [Heromin] has not shown cause to excuse [his] failure to raise this argument on direct appeal." Korcz v. United States, No. 219CR00193RDPJHE1, 2023 WL 2998483, at *8 (N.D. Ala. Apr. 18, 2023) (citations omitted), appeal dismissed, No. 23-12325, 2023 WL 6213485 (11th Cir. Sept. 25, 2023). Heromin also has not claimed — let alone shown — that his counsel was ineffective for not raising a Ruan I-type claim on direct appeal. See Bajorski v. United States, 276 F. App'x 952, 954 (11th Cir. 2008) ("[W]e have held that

counsel cannot be deemed ineffective for failing to anticipate a change in the law. Even if a claim based upon an anticipated change in the law is reasonably available at the time counsel failed to raise it, such failure does not constitute ineffective assistance." (citations omitted)). Because he cannot establish cause, the Court need not address prejudice.[2]

Nor has Heromin shown that he is actually innocent. "Actual innocence means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 615 (1998). A petitioner like Heromin "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Here, Heromin does not claim in his construed Section 2255 Motion that he is actually innocent. Nor has he presented any evidence of actual innocence — that is, evidence making it more likely than not that no reasonable juror would have found him guilty. See Korcz, 2023 WL 2998483, at *8 ("Petitioner has not presented any

---

[2] Also, because Heromin's Ruan I claim fails on the merits for the reasons explained later, any claim of prejudice fails.

evidence suggesting she is actually innocent, so she may only avoid default by demonstrating cause and prejudice.").

Thus, Heromin has procedurally defaulted on his Ruan I claim. His construed Section 2255 Motion must be denied for this reason and no evidentiary hearing is required. See McCleskey v. Zant, 499 U.S. 467, 494 (1991) ("The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard.").

Alternatively, even if Heromin had not procedurally defaulted, the Court agrees with the United States that Heromin's Ruan I claim would fail on the merits. True, in Ruan I, the Supreme Court clarified that the "'knowingly or intentionally' mens rea applies to the 'except as authorized' clause" of Section 841. Ruan I, 597 U.S. at 457. But, as the United States explains, "Heromin was convicted under 21 U.S.C. § 846 of conspiracy to violate the Controlled Substances Act, which requires proof that: '(1) there was an agreement between two or more people to commit a crime (in this case, unlawfully dispensing controlled substances in violation of § 841(a)(1)); (2) the

8

defendant knew about the agreement; and (3) the defendant voluntarily joined the agreement.'" (Civ. Doc. # 23 at 16) (quoting United States v. Ruan, 56 F.4th 1291, 1299 (11th Cir. 2023) ("Ruan II")).

The United States is correct that Ruan I "thus has limited impact for Section 846 convictions, which already require 'the jury to find that the defendants knew of the illegal nature of the scheme and agreed to participate in it.'" (Id.) (quoting Ruan II, 56 F.4th at 1299). Here, the jury instructions on conspiracy and willfulness sufficiently discussed Heromin's subjective knowledge of the "unlawful purpose of the plan." (Crim. Doc. # 238 at 13-14, 16; Crim. Doc. # 303 at 110, 112). In short, "[t]he jury did not need an additional instruction clarifying between subjective and objective good faith for the 'except as authorized' exception, because the conspiracy instructions already required them to find that the defendant acted with subjective knowledge." Ruan II, 56 F.4th at 1299; Korcz, 2023 WL 2998483, at *7 (denying Section 2255 motion and writing, "even though the jury was not correctly instructed on the *mens rea* standard under § 841, the conviction under § 846 was still valid because it

9

required the jury to find that the defendant knew the illegal object of the conspiracy. . . . Ruan I did not change the elements of § 846.").

The United States is also correct that there was ample evidence at trial that Heromin knew he was distributing controlled substances for illegitimate purposes and outside the usual course of professional practice. The Eleventh Circuit in its opinion affirming Heromin's conviction highlighted that "[p]atients, expert witnesses, clinic owners, and employees, some of whom were coconspirators, testified that Heromin instructed clinic staff to coach patients, knowingly prescribed painkillers to unqualified patients in exchange for cash payments, and implemented policies to avoid detection by law enforcement." Heromin, 631 F. App'x at 864. "That evidence independently established that Heromin conspired to distribute and dispense controlled substances for illegitimate purposes." Id.

Therefore, "Heromin is unable to establish that any instructional error had a 'substantial and injurious effect or influence in determining the jury's verdict,' . . . or that [Ruan I] otherwise entitles him to relief." (Civ. Doc.

10

# 23 at 18) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)); see also Ross v. United States, 289 F.3d 677, 682 (11th Cir. 2002) ("In this Circuit, we apply the Brecht harmless error standard to the habeas review of federal court convictions, as well as state court convictions."). Even if Heromin had not defaulted on this claim, his construed Section 2255 Motion would still be denied as lacking merit without holding an evidentiary hearing. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

### III. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Heromin has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Heromin to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Heromin shall be required to

11

pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Ronald John Heromin's pro se construed Motion to Vacate under 28 U.S.C. § 2255 (Civ. Doc. # 4; Crim. Doc. # 527) is **DENIED.** The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of June, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

12